## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 19 2015, 10:05 am

CLERK
of the supreme court,
court of appeals and
tax court

**ATTORNEY FOR APPELLANT**

Joel M. Schumm
Indianapolis, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Angela Cash-Hilyard,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 19, 2015

Court of Appeals Cause No.
49A02-1409-CR-621

Appeal from the Marion Superior
Court
Cause No. 49G05-1401-FC-2273

The Honorable Grant Hawkins,
Judge; The Honorable Christina
Klineman, Commissioner

**Barnes, Judge.**

## Case Summary

Angela Cash-Hilyard appeals her conviction for Class C felony promoting prostitution. We affirm.

## Issue

Cash-Hilyard raises one issue, which we restate as whether the evidence is sufficient to sustain her conviction.

## Facts

On January 15, 2014, Detective Henry Castor with the Indianapolis Metropolitan Police Department's human trafficking and vice division arranged a meeting based on an advertisement on the website Backpage.com. The advertisement offered "Nude body massages" by "Lacy." State's Ex. 1. Detective Castor called the telephone number and arranged a meeting at a hotel on North Shadeland Avenue in Indianapolis. They negotiated a price of $100 for an hour-long massage plus $20 for the driver.

Amanda Fritz and Cash-Hilyard arrived at Detective Castor's hotel room, and Cash-Hilyard looked around the hotel room for Fritz's protection. Cash-Hilyard left the room, and Detective Castor negotiated with Fritz to provide a "hand job." Tr. p. 40. Detective Castor then arrested Fritz. Another detective detained Cash-Hilyard in the lobby of the hotel. Cash-Hilyard explained to the officers that she had helped set up the appointment, helped facilitate the transportation of Fritz to the hotel, and checked the hotel room for any threats to Fritz's safety. She claimed to receive $20 to drive Fritz and $20 to set up

each appointment. Cash-Hilyard told the officers that the man with her was just the driver and he "didn't have any knowledge of the activity that was going on." *Id.* at 21. She said that she thought Fritz was there "to dance and maybe provide hand jobs." *Id.* at 25. Cash-Hilyard said that "she knew what was going on, she didn't think that [Fritz] was having sex but she knew [Fritz] was doing at least hand jobs." *Id.* at 58. Cash-Hilyard was carrying three or four cellphones, a dozen condoms, $427 in cash, and a list of appointments.

[5] The State charged Cash-Hilyard with Class C felony promoting prostitution. After a bench trial, the trial court found her guilty as charged. Cash-Hilyard now appeals.

## Analysis

[6] Cash-Hilyard argues that the evidence is insufficient to sustain her conviction. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

[7] At the time of Cash-Hilyard's offense, Indiana Code Section 35-45-4-4(5) provided that a person who "knowingly or intentionally conducts or directs another person to a place for the purpose of prostitution . . . commits promoting

prostitution, a Class C felony." She argues that the evidence is insufficient to show that she transported Fritz with knowledge that the purpose of the meeting was prostitution. She argues that Fritz made the arrangement for sexual activity with Detective Castor after Cash-Hilyard had left the hotel room. The State points out that Cash-Hilyard was found in possession of three or four cellphones, a dozen condoms, $427 in cash, and a list of appointments, that she admitted to police officers that Fritz was there for sexual activity, and that she claimed the man with her did not know what was going on. Cash-Hilyard's argument is merely a request that we reweigh the evidence, which we cannot do. Despite Cash-Hilyard's argument to the contrary, we conclude that there is sufficient evidence that she was aware Fritz was engaged in prostitution and that she knowingly conducted or directed Fritz to a place for the purpose of prostitution.[1]

## Conclusion

[8] The evidence is sufficient to sustain Cash-Hilyard's conviction for Class C felony promoting prostitution. We affirm.

[9] Affirmed.

---

[1] Cash-Hilyard argues that this case is similar to *Hernandez v. State*, 785 N.E.2d 294 (Ind. Ct. App. 2003), *trans. denied*. There, a woman was convicted of two counts of promoting prostitution and one count of corrupt business influence. We reversed based on certain evidence that was admitted at trial, and we held, in part, that one of the promoting prostitution convictions was not subject to retrial because the alleged prostitute did not ask for money and only said that the officer could "tip her if he liked it." *Hernandez*, 785 N.E.2d at 297. There is no dispute here that Fritz engaged in prostitution, and we do not find *Hernandez* on point.

Riley, J., and Bailey, J., concur.